IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No. 5:17cr00001 |
| v. ) | |
| ) | **REPORT & RECOMMENDATION** |
| JOSHUA DILLON BURKHART, ) | |
| Defendant. ) | By:   Joel C. Hoppe |
| ) | United States Magistrate Judge |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived his right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On February 28, 2017, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and the defendant and his counsel agreed that those in fact were the terms of the

1

agreement. The agreement stipulates that the recommended guidelines base offense level corresponds to a drug weight (1000 grams of heroin) that is greater than called for in the offense of conviction (100 grams of heroin). Counsel for the Government and the defendant explicitly agreed in open court that the purpose of the stipulation was to provide a higher guideline range than called for in the offense of conviction. *See* U.S. Sentencing Guideline § 1B1.2(a), n. 1. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned found the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read the statement of facts and discussed it with his attorney. He agreed that the statement of facts was accurate and did not contest those facts. No additional facts beyond those contained in the written statement of facts were presented at the guilty plea hearing. The statement of facts presents the following:

In 2013 and 2014, the defendant conspired with others to distribute heroin. As part of this conspiracy, the defendant traveled to Baltimore, Maryland one or two times a month to obtain quantities of heroin for further distribution. Once he purchased 110 grams of heroin from his supplier; another time he purchased 35 grams. At times he purchased heroin from another supplier in 40 gram amounts. The defendant then distributed this heroin in the Winchester area.

Some of his customers further distributed the heroin. During one deal, the defendant received a firearm as collateral payment for a drug debt owed by one of his regular customers. In all, the defendant acquired and re-distributed over 1,000 grams of heroin during this period.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charge of conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offense of knowingly and willfully conspiring to distribute and possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846 (referencing 21 U.S.C. § 841(a)(1) and (b)(1)(B)), which is a lesser included offense of Count One charged in the Indictment.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant has been held in pretrial detention and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: February 28, 2017

4

Case 5:17-cr-00001-MFU-JCH   Document 34   Filed 02/28/17   Page 4 of 5   Pageid#: 92

*signature*

Joel C. Hoppe
United States Magistrate Judge