## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:17-CR-00001 |
| v. ) | |
| ) | |
| JOSHUA DILLON BURKHART, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

### MEMORANDUM OPINION

This matter comes before the court on defendant Joshua Dillon Burkhart's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 55. The Federal Public Defender has supplemented Burkhart's pro se request. ECF No. 62. The government opposes it. ECF No. 64. For the reasons stated herein, the court **DENIES** Burkhart's motion.

### I.

On February 28, 2017, Burkhart entered into a written plea agreement in which he pleaded guilty to one count of conspiring to possess and distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). ECF No. 31. On June 5, 2017, Burkhart was sentenced to 108 months of incarceration. ECF No. 45. Burkhart has been in continuous custody since December 19, 2016, and has served more than half of his sentence. ECF No. 47 at 1. Burkhart is currently housed at FCI Elkton and has a projected release date of November 10, 2023.[1]

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Jan. 27, 2021) (search "Joshua Dillon Burkhart").

1

Burkhart seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Burkhart was previously diagnosed with chronic hepatitis C and believes that this infection damaged his liver. ECF No. 55 at 6. He reports that his hepatitis C infection and ensuing liver damage led FCI Elkton and the Bureau of Prisons ("BOP") to place him on a list of inmates classified as among the high risk of severe illness or death if exposed to COVID-19.[2] Id. at 7. Burkhart also argues that, as a male, he is more likely to die from COVID-19 than a woman is. Id. at 7–8. Burkhart worries that he is unable to adequately social distance himself from other inmates while at FCI Elkton. Id. at 8. Burkhart tested positive for COVID-19 in May 2020 and was asymptomatic. Id. at 11; see also ECF No. 55-6. Burkhart asks the court for a reduction of his sentence to time served. ECF No. 55 at 20. The government opposes any sentence reduction for Burkhart. ECF No. 64. This matter is fully briefed and ripe for disposition.[3]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

---

[2] On April 17, 2020, the federal district court for the Northern District of Ohio ordered Mark Williams, warden of FCI Elkton, and Michael Carvajal, BOP Director, to "identify all inmates who meet the following conditions: inmates suffering from documented and pre-existing: heart, pulmonary, kidney or liver conditions, diabetes, or conditions that cause a person to be immunocompromised, including but not limited to cancer, transplants, and HIV or AIDS, but excluding smoking and obesity." Order, Wilson et al. v. Williams et al., No. 4:20-cv-00794-JG (N.D. Ohio Apr. 17, 2020). The order was entered in a class action lawsuit brought by current and future FCI Elkton inmates against Williams and Carvajal which alleges a "right to receive adequate COVID-19 prevention, testing, and treatment." Petition for Writ of Habeas Corpus at 30, Wilson, No. 4:20-cv-00794-JG (N.D. Ohio filed Apr. 13, 2020) (ECF No. 1). The list names 837 inmates, including Burkhart. Notice of Identification of Inmates at 2, Wilson, No. 4:20-cv-00794-JG (N.D. Ohio filed Apr. 30, 2020) (ECF No. 35-1).

[3] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Burkhart's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Burkhart is a danger to the safety of the community.

i. <u>Burkhart has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the BOP, to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of

3

such a request by the warden of the defendant's facility[.]" Id.; see also United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Burkhart requested compassionate release from the warden of his facility on May 14, 2020. ECF No. 55-2 at 1. On May 22, 2020, the warden notified Burkhart that his request had been denied. Id. at 2. Burkhart then filed a motion for compassionate release with this court on August 4, 2020. ECF No. 55. The government does not contest that Burkhart has exhausted his administrative remedies. ECF No. 64 at 3. Accordingly, the court finds that Burkhart has satisfied the statute's exhaustion requirement.

ii. Burkhart does not present extraordinary and compelling circumstances.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his

sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[4] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

---

[4] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020).

Here, Burkhart's alleges that his liver does not function properly because of his hepatitis C diagnosis and that this liver damage places him at an increased risk of severe illness from COVID-19. ECF No. 55 at 7. However, he provides no evidence from a physician that he suffers any long-term effects from hepatitis C. Although chronic hepatitis C "can cause serious health problems, including liver damage, cirrhosis (scarring of the liver), liver cancer, and even death,"[5] Burkhart's hepatitis C is "[r]esolved." ECF No. 55-4 at 1. Burkhart points to a list compiled by FCI Elkton and BOP officials containing the names of inmates with preexisting conditions, including liver disease,[6] as proof that he has liver disease or liver damage that places him at high risk of severe illness or death if exposed to COVID-19. ECF No. 55 at 7. Burkhart's placement on this list is not dispositive to this court's consideration under 18 U.S.C. § 3582(c). Even if Burkhart had chronic liver disease as a result of his hepatitis C infection, that "might" put him at an "increased risk for severe illness" should he contract coronavirus, but it also might not.[7] Burkhart has already contracted COVID-19 once and, thankfully, recovered. ECF No. 55 at 11–12; see also ECF No. 55-6. Burkhart's recovery is encouraging and "[c]ases of reinfection with COVID-19 have been reported, but remain rare."[8] Because any additional risk posed by possible liver damage from his resolved hepatitis C infection is neither certain nor inevitable, it is not extraordinary and compelling enough to justify a reduction of his sentence. See, e.g., Barnes, 2020 WL 6450283, at *2.

---

[5] Centers for Disease Control and Prevention, Hepatitis C Questions and Answers for the Public, https://www.cdc.gov/hepatitis/hcv/cfaq.htm (last visited Jan. 27, 2021).
[6] See supra note 2 and accompanying text.
[7] People with Certain Medical Conditions, supra note 4.
[8] Centers for Disease Control and Prevention, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Jan. 27, 2021).

While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Because the court finds that Burkhart has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[9]

### III.

For the reasons stated herein, the court **DENIES** Burkhart's motion for compassionate release, ECF No. 55. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 29, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.29 17:19:52 -05'00'

Michael F. Urbanski
Chief United States District Judge

---

[9] Because the court finds that Burkhart has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.